IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANDERSON GLENN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:07CV344 |
| | ) | |
| THEODIS BECK, Secretary, | ) | |
| North Carolina Department of | ) | |
| Correction, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

**Sharp, Magistrate Judge**

Petitioner Anderson Glenn, a prisoner of the State of North Carolina, on March 1, 2005, in the Superior Court of Forsyth County, was convicted after trial by jury of possession of cocaine. He then pled guilty to habitual felon status. Superior Court Judge Ronald E. Spivey sentenced Petitioner to a presumptive-range sentence of 107 to 138 months imprisonment. Petitioner was represented at trial by attorney J. Clark Fischer.

Petitioner noticed an appeal to the North Carolina Court of Appeals. His appellate counsel, Jarvis John Edgerton, IV, filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying that he was unable to discern any prejudicial error meriting argument on appeal. Mr. Edgerton served Petitioner with a copy of the *Anders* brief, advised him of

his right to file supplemental *pro se* argument, and furnished filing information for Petitioner's benefit. (Pleading No. 7, State's Br., Ex. 2.)

In a unanimous opinion the North Carolina Court of Appeals found no error in Petitioner's criminal judgment. *See State v. Glenn*, No. COA05-1014, 2006 WL 1147683 (N.C. App. May 2, 2006)(unpublished). Petitioner submitted a *pro se* motion for appropriate relief ("MAR") in the Superior Court of Forsyth County on or about November 2, 2006. Superior Court Judge William Z. Wood, Jr. denied the MAR on January 31, 2007. On March 15, 2007, Petitioner filed a *pro se* petition for a writ of certiorari with the North Carolina Court of Appeals, but that court denied review on March 21, 2007.

On April 18, 2007, Petitioner submitted the habeas corpus petition now before this Court for review. It was stamped "filed" on April 23, 2007.

## Factual Background

The evidence adduced at Petitioner's trial was summarized by the North Carolina Court of Appeals as follows:

> [O]n 4 May 2004, officers of the Winston-Salem Police Department were dispatched to a residence to investigate a complaint of trespassing. The person who answered the door permitted the officers to come inside the residence. The officers observed defendant sitting on a couch. After discovering an outstanding arrest warrant had been issued for defendant, the officers arrested him. During a search incident to the arrest, an officer found pieces of a substance subsequently identified as crack cocaine, total weight of 0.8 grams, and ninety dollars in cash in defendant's pocket.

*Glenn*, 2006 WL 1147683, at *1.

## Claims of the Petition

In his *pro se* habeas corpus petition, Petitioner Anderson Glenn contends that: (1) he was subject to an habitual felon indictment by use of a conviction also utilized to determine his prior record level in violation of his Fourteenth Amendment rights to due process and equal protection; and (2) he was subjected to an enhanced sentence by the use of an aggravating factor not found by the jury or stipulated to by Petitioner. Respondent ("the State") has answered the petition and filed a motion for summary judgment. (Pleading No. 6.) Petitioner has filed a response in opposition to the State's motion.

## Discussion

### Claim (1)

In Claim (1), Petitioner Glenn contends that he was subjected to an habitual felon indictment by use of a conviction also utilized to determine his prior record level in violation of his Fourteenth Amendment rights to due process and equal protection. In response to this claim, the State argues that the claim is both procedurally barred and without merit. On review, the Court concludes that the State is correct in both arguments.

The state court denied Petitioner's MAR, where this claim was first raised, in part on the basis that:

> 10. Upon his previous direct appeal to the North Carolina Court of Appeals, the defendant Glenn was in a position to adequately raise sentencing issues and perhaps other grounds underlying the present motion.

-3-

> 11. The grounds and issues underlying the present motion were either not raised by defendant on his direct appeal, or any such grounds and issues, if so raised, were previously determined upon the merits in such proceedings.
>
> 12. Defendant Glenn's present motion is subject to denial for grounds pursuant to North Carolina General Statute § 15A-1419(a).

(State's Br., Ex. 6, MAR Order.) This express application of N.C. Gen. Stat. § 15A-1419(a), North Carolina's procedural default statute, bars federal review. That the MAR court, reasoning alternatively, also denied Petitioner's MAR on the merits of the federal claim does not alter the fact that the state court denied Petitioner's MAR on adequate and independent state grounds. Under these circumstances, Petitioner has committed a procedural default that bars federal review unless he can show "cause and prejudice" with respect to the default or a fundamental miscarriage of justice. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989)("By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law"; a state court need not fear reaching a federal claim on the merits in the alternative.).

Petitioner has not shown any basis for relief from the procedural default. While Petitioner argues, in response, that his appellate attorney was ineffective for failing to raise his claim on direct appeal, this claim of attorney ineffectiveness is itself procedurally defaulted on the record before the Court. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)(claim "asserted as cause for the procedural default of another claim can itself be procedurally defaulted").

-4-

Nor could Petitioner make any possible showing of prejudice or a fundamental miscarriage of justice in order to obtain relief from his default. This is true because, on the merits, Petitioner's Claim (1) is deficient as a matter of law. Petitioner raises what is essentially a state-law issue based upon the interpretation of N.C. Gen. Stat. § 14-7.6 (2005), a North Carolina statute relating to habitual felon indictments. The federal courts, in habeas review, are bound by state court determinations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). The record shows that the State did not utilize the same convictions to support Petitioner's habitual felon indictment as it used to calculate his record level. It *did* use separate offenses for which Petitioner was convicted during the same session of North Carolina Superior Court. However, it is established that this practice does not violate North Carolina law. *See State v. Truesdale*, 123 N.C. App. 639 (1996). No federal authority suggests that this practice is fundamentally unfair so as to violate due process of law. Accordingly, the state court's adjudication of Petitioner's claim was not unreasonable in light of federal law as determined by the United States Supreme Court, and Petitioner's Claim (1) would fail on the merits as a habeas claim. *See* 28 U.S.C. § 2254(d)(1). In sum, Petitioner has shown no basis to excuse his procedural default as to Claim (1), and, in any event, Claim (1) is without merit.

Claim (2)

Petitioner Glenn contends in Claim (2) that he was subjected to an enhanced sentence by the use of an aggravating factor not found by the jury or stipulated to by Petitioner. On

review, this Court finds Claim (2) to be procedurally defaulted for the reasons set forth above as to Claim (1). Moreover, Claim (2) has no merit. Petitioner's sentence was enhanced, as challenged here, as a result of a record level point added for recidivism, based upon a prior conviction committed while Petitioner was on probation. Petitioner argues that this procedure violated *Blakely v. Washington*, 542 U.S. 296 (2004), which provides that sentencing aggravating factors must be proven beyond a reasonable doubt to a jury. Nonetheless, the fact of a prior conviction need not be proven beyond a reasonable doubt. *See Blakely v. Washington*, 542 U.S. at 300; *Almendarez-Torres v. United States*, 523 U.S. 224, 233-36 (1998); *see also United States v. Barton*, No. 05-5039, 2006 WL 1476912 (4th Cir. May 26, 2006)(unpublished)(no Fifth Amendment error where sentence was enhanced, without a jury finding or admission, for a prior conviction for an offense committed while on probation). And in this case, Petitioner Glenn admitted to the sentencing judge that he had received probation for his last conviction and was "violated" by his probation officer for the offense of conviction. (Trial Tr. at 92.) Further, his attorney stipulated on his behalf that the sentencing worksheet in the case (State's Br., Ex. 1 at 27) was "correct." (Trial Tr. at 88.) Finally, the Court notes that any sentencing error of which Petitioner may complain under Claim (2) was harmless under the standard for habeas review. *See Brecht v. Abrahamson*, 507 U.S. 619 (1993). Petitioner was assigned a total of 12 record points, including the one point enhancement he challenges in Claim (2). He was sentenced at a prior record level IV, which is applicable if the total points range from 9 to 14. (State's Br., Ex. 1

at 27.) Even without the single point Petitioner challenges, he would have been sentenced with 11 points, and his record level, which determines the range of his sentence, would have remained at level IV. Under these circumstances, any error with regard to the assignment of the twelfth point was harmless because Petitioner cannot show an actual and substantial injurious effect upon his ultimate sentence.

## Conclusion

For reasons set forth above, **IT IS ORDERED** that the State's motion for summary judgment (Pleading No. 6) is hereby **GRANTED**. A judgment dismissing this action with prejudice will be entered contemporaneously with this Memorandum Opinion and Order.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: October 29, 2007